779 F.2d 50
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
IRVIN B. EPSTEIN, D.O., Plaintiff-Appellant,
vs.
HARRY N. WALTERS, VA ADMINISTRATOR; DONALD L. CUSTIS, CHIEF
MEDICAL DIRECTOR, USVA; GARY L. WILKINSON,
DIRECTOR, SAGINAW VA MEDICAL CENTER;
CLARENCE THOMAS, EEOC
CHAIRMAN,
Defendants-
Appellees.
 85-1314
 United States Court of Appeals, Sixth Circuit.
 10/4/85
 
 APPEAL DISMISSED
 E.D.Mich.
 ORDER
 BEFORE: MARTIN, CONTIE and WELLFORD, Circuit Judges.
 
 
 1
 This matter is before the Court upon defendants-appellees' motion to dismiss and the plaintiff-appellant's memorandum in opposition.
 
 
 2
 Before the plaintiff exhausted his administrative remedies, he filed a complaint under, inter alia, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sec. 2000(e) et seq., seeking rescission of his dismissal and reinstatement in the Veterans Administration (V.A.) hospital where he formerly worked. Plaintiff also sought an injunction or writ of mandamus requiring the V.A. and the Equal Employment Opportunity Commission to expedite their reviews of his claims alleging anti-semitism and national origin discrimination and of his discharge. He appeals from the district court's interlocutory order of March 28, 1985 which denied injunctive relief and dismissed the Title VII aspects of his complaint because he has not exhausted his administrative remedies. The order was not certified under Rule 54(b), Federal Rules of Civil Procedure, which is the basis for the defendants' motion to dismiss.
 
 
 3
 The absence of Rule 54(b) certification is not determinative; an order which denies injunctive relief may be immediately appealable under 28 U.S.C. Sec. 1292(a)(1). However, because Sec. 1292(a)(1) was intended to carve out only a limited exception to the final judgment rule, unless plaintiff can show that an interlocutory order of the district court might have a serious, perhaps irreparable, consequence and that the order can be effectively challenged only by immediate appeal, the general policy against piecemeal review will preclude interlocutory appeal. Carson v. American Brands, Inc., 450 U.S. 79, 84 (1981); Gillis v. Dept. of Health & Human Services, 759 F.2d 565, 567-68 (6th Cir. 1985). Plaintiff does not meet the criteria for appeal from an injunctive order under Carson and Gillis, therefore,
 
 
 4
 It is ORDERED that appeal number 85-1314 is dismissed for lack of jurisdiction. Sixth Circuit Rule 9(d)(1).